**Rozeta FERRUKU, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–5146–ag.

United States Court of Appeals,
Second Circuit.

July 18, 2007.

Saul C. Brown, New York, N.Y., for Petitioner.

Matthew H. Mead, United States Attorney for the District of Wyoming, Steven K. Sharpe, Assistant United States Attorney, Cheyenne, WY, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner Rozeta Ferruku, a citizen of Albania, seeks review of an October 11, 2006, order of the BIA affirming the May 16, 2005, decision of Immigration Judge ("IJ") Alan A. Vomacka denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re Rozeta Ferruku,* No. A78 527 835 (B.I.A. Oct. 11, 2006), *aff'g* No. A78 527 835 (Immig. Ct. N.Y. City, May 16, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the 2 agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Here, the adverse credibility determination was supported by substantial evidence. The IJ noted that the booklet Ferruku offered to prove her membership in the Democratic Party of Albania contained the same photo that appeared in a passport that Ferruku had conceded in her testimony was fraudulent. Furthermore, the IJ noted that the membership booklet was issued in February 2002, six months after Ferruku's arrival in the United States. The existence of the latter problem buttresses the IJ's reliance upon the former, because, as the IJ noted, it may indicate that the membership booklet was prepared by the same person who earlier created the false passport. The IJ also found it significant that a certificate Ferruku submitted to demonstrate her membership in the Democratic Party bore a date of April 1999 even though the small print at the top of the form indicated that the form had not been promulgated until June 2000. Although "a reasonable IJ could have accepted [the documents'] validity," Ferruku's argument in her brief to this Court—which essentially consists of pointing out that the documents could just as easily be real—is "by no means ... sufficiently persuasive to compel *any* reasonable IJ" to accept them. *Borovikova v. U.S. Dept. of Justice,* 435 F.3d 151, 158 (2d Cir.2006) (emphasis in original) (holding also that an IJ is permitted to rest an adverse credibility determination solely on the IJ's determination that a key document was likely fraudulent).

This Court will afford deference to an IJ's inference that a document is false "[s]o long as [the] inferential leap is tethered to the evidentiary record." *Siewe v. Gonzales,* 480 F.3d 160, 169 (2d Cir.2007). Such deference is appropriate given that "the line between reasonable inference-drawing and impermissible speculation is necessarily imprecise." *Id.* at 168. Here, as in *Siewe,* the IJ drew reasonable inferences from specific characteristics of the suspect documents and did not err in imputing incredibility to Ferruku herself. *See id.* at 170 (discussing maxim of *falsus in uno, falsus in omnibus* ).

Further supporting the agency's adverse credibility finding, Ferruku did not offer consistent testimony regarding whether she belonged to the Democratic Party itself, to a separate youth organization, or

70

both. This inconsistency was material to Ferruku's claim of persecution. *Zhou Yun Zhang*, 386 F.3d at 74.

The agency also properly found that Ferruku's brother's testimony did not corroborate her story, where he testified that he encouraged Ferruku to be active in the Democratic Party, but was unable to testify whether she joined the party or only a youth organization. A reasonable factfinder would not be compelled to disagree with the IJ's determination that the brother's testimony failed to corroborate Ferruku's story. *Zhou Yun Zhang*, 386 F.3d at 73 & n. 7.

Because the only evidence of a threat to Ferruku's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Similarly, because Ferruku did not establish any factual basis for CAT credibility determination in this case necessarily precludes success on her claim for CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

Finally, Ferruku's due process claim fails because the record reflects that she received "a full and fair hearing which provide[d] a meaningful opportunity to heard." *Li Hua Lin v. U.S. Dept. of Justice*, 453 F.3d 99, 104–05 (2d Cir.2006).

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).